# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Z.M., A.M., D.R., T.M., & J.B.**

**No. 14-0283** (Nicholas County 13-JA-50, 13-JA-51, 13-JA-60, 13-JA-61, & 13-JA-82)

**FILED**

September 22, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel John C. Anderson II, from an order entered February 24, 2014, in the Circuit Court of Nicholas County that terminated his parental rights to five-year-old Z.M., two-year-old A.M., fourteen-year-old D.R., ten-year-old T.M., and eleven-month-old J.B. The guardian ad litem for the children, Julia R. Callaghan, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, S.L. Evans, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in terminating his parental rights because he made substantial progress in addressing his drug addiction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an abuse and neglect petition against petitioner and his girlfriend, A.B. The petition alleged that petitioner and A.B. abused alcohol and other controlled substances to the degree that it impaired their parenting skills and posed an imminent risk to the children's health and safety. For instance, the petition alleged that Z.M. frequently wandered from the home, including an occasion where he was found one half mile away on a neighbor's porch. The petition also alleged that petitioner physically abused Z.M., that drug paraphernalia in the home was within the children's reach, and that the home was in a deplorable and unsafe condition. The petition further alleged that although petitioner and A.B. had received services from the DHHR since 2010, they had failed to benefit from them.

In September of 2013, petitioner stipulated to drug and alcohol abuse at the adjudicatory hearing and the circuit court granted him a ninety-day improvement period with the following terms and conditions: (1) submit to random drug screens at least once a week, (2) maintain contact with the DHHR, (3) participate in all in-home services, (4) obtain and maintain employment, (5) maintain safe and suitable housing, (6) undergo a psychological evaluation, (7) participate in an in-patient rehabilitation facility, and (8) participate in supervised visitations with the children.

1

In October of 2013, during petitioner's improvement period, J.B. was born. The DHHR filed an amended abuse and neglect petition to include J.B. in the proceedings. In December of 2013, the circuit court held an adjudicatory hearing regarding J.B. and reviewed petitioner's improvement period with regard to the other children. The family's caseworker testified that petitioner had not maintained contact with the DHHR, submitted to random drug screens, participated in in-home services, or participated in long-term rehabilitation treatment. In the earlier part of October of 2013, petitioner had participated in short-term treatment, but left early against the advice of the facility, and subsequently failed to participate in long-term treatment with a facility that had been arranged for him. Petitioner also failed to keep steady employment or a safe and suitable home for the children. Based on this evidence, the circuit court found that the newborn child was subject to the same dangers as his siblings and set the case for a dispositional hearing.

Several witnesses testified at petitioner's dispositional hearing in January of 2014. Their testimony reflected that nothing had improved since the prior hearing and confirmed that petitioner continued to fail to comply with the terms of his improvement period. At one point, the circuit court held the hearing in recess so petitioner could take a drug test. However, petitioner refused to do so, despite the fact that he claimed he remained free of drugs and alcohol during the case's pendency. After finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that continuation in the home would be contrary to the children's best interests, the circuit court terminated petitioner's parental rights. Petitioner now brings this appeal.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in terminating his parental rights because he made substantial progress in addressing his drug addiction, he learned the skills required to remain free of drugs and alcohol during the short-term rehabilitation facility, and he never tested positive for drugs throughout the case.

Upon our review of the record, we find no error in the circuit court's termination of petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(b)(3), a subject parent's failure to follow through with rehabilitative efforts to reduce or prevent the abuse and neglect of the children constitutes circumstances in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. The record shows that the terms and conditions of petitioner's improvement period were clear. Nevertheless, petitioner failed to comply with its terms and continued to exhibit noncompliance with the circuit court's orders when he refused to test for drugs at the dispositional hearing. This evidence supports the circuit court's findings and conclusions that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected and that termination is necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 22, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II